JACOB M. HARPER (State Bar No. 259463)
jacobharper@dwt.com
MARCY G. BLATTNER MICALE (State Bar No. 319868)
marcymicale@dwt.com
DAVIS WRIGHT TREMAINE LLP
350 South Grand Avenue, 27th Floor
Los Angeles, California 90071
Telephone: (213) 633-6800
Fax: (213) 633-6899

Attorneys for Defendant
UTZ QUALITY FOODS, LLC

IN THE UNITED STATES DISTRICT COURT

THE NORTHERN DISTRICT OF CALIFORNIA

KELLIE BIGLER, individually and on behalf of all similarly situated persons,

Plaintiffs,

v.

UTZ QUALITY FOODS, LLC, a Delaware limited liability company; and DOES 1 through 10, inclusive,

Defendant.

Case No. 5:26-cv-10224

**DEFENDANT UTZ QUALITY FOODS, LLC'S NOTICE OF REMOVAL**

[From the Superior Court of California, County of Santa Cruz, Case No. 26CV02507]

State Action Filed: August 3, 2026
Action Removed: September 10, 2026

**TO THE CLERK AND TO PLAINTIFF AND THEIR ATTORNEYS:**

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, defendant Utz Quality Foods, LLC (Utz) hereby removes this action from the Superior Court of the State of California for the County of Santa Cruz to the United States District Court for the Northern District of California, San Jose Division.

**State Court Action**

1. On August 3, 2026, Plaintiff Kellie Bigler commenced this action in the Superior Court of the State of California, County of Santa Cruz, captioned *Kellie Bigler v. Utz Quality Foods, LLC*, Case No. 26CV02507 (the State Court Action). A true and correct copy of the original complaint in the State Court Action is attached hereto as **Exhibit 1** (the Complaint). Ms. Bigler served the Complaint on Utz on August 11, 2026.

2. Ms. Bigler alleges she purchased Boulder Canyon Classic Sea Salt Kettle Style Potato Chips marketed as "avocado oil" chips (the Avocado Oil Chips) from retail stores near her home in Santa Cruz County, California, including from Wild Roots Market in Felton, California. (Compl. ¶¶ 8–9.) Although she does not make any allegations specific to the chips she personally purchased, she appears to generally contend the oil used as an ingredient in the Avocado Oil Chips was not compositionally consistent with authentic avocado oil based on a July 2026 peer-reviewed study by researchers at the University of California, Davis. (*Id.* ¶¶ 19–28.) Based on these allegations, Ms. Bigler contends that Utz's labeling was "false and materially misleading." (*Id.* ¶ 1.) Ms. Bigler brings claims on behalf of a putative classes of California and "multi-state" consumers for violations of California's (1) Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, et seq., (2) Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, et seq., and (3) breach of express warranty. (*Id.* ¶¶ 43–72.) Ms. Bigler seeks restitution, damages, injunctive relief including corrective advertising, damages, reasonable attorneys' fees and costs, and pre- and post-judgment interest. (*Id.* ¶¶ 73–79.) Utz contends Ms. Bigler's claims are meritless.



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

3. In addition to the pleadings and filings mentioned above, all other pleadings, processes, and orders served upon or received by Utz in the State Court Action or found on the docket in that action are attached hereto:

a. The Proof of Service is attached hereto as **Exhibit 2**;

b. The Civil Case Cover Sheet is attached hereto as **Exhibit 3**;

c. The Summons is attached hereto as **Exhibit 4**;

d. The Case Management Conference Information and Setting as **Exhibit 5**; and

e. A copy of the docket in the State Court Action is attached hereto as **Exhibit 6**.

4. The State Court Action is removable to this Court because the Court has original jurisdiction under 28 U.S.C. § 1332(d)(2), and the Northern District of California, San Jose Division, encompasses the location in which the State Court Action is currently pending (i.e., Santa Cruz, California). *See* 28 U.S.C. § 1332(d)(2)(A) ("The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant[.]"); *id.* § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."); *id.* § 84(a) (setting Santa Cruz County in the Northern District of California).

**<u>The Action Is Removable Under the Class Action Fairness Act</u>**

5. This Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005 (CAFA). CAFA was enacted based on Congress's concern that "cases involving large sums of money, citizens of many different States, and issues of national concern, have been restricted to State courts even though they have national consequences." 151 Cong. Rec. S1086-01, S1103 (Feb. 8, 2005). CAFA's purpose is to allow "[f]ederal court consideration of interstate cases of national importance." 28 U.S.C. § 1711, stat. note, subd. (b)(2).



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

6. "[N]o antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

7. CAFA extends federal jurisdiction over class actions where: (1) any member of the proposed class is a citizen of a state different from any defendant (i.e., minimal diversity exists); (2) there are at least 100 members in all proposed plaintiff classes combined; (3) the amount in controversy exceeds $5 million; and (4) no exception to jurisdiction applies. *See* 28 U.S.C. § 1332(d). As explained below, each of these requirements is satisfied in this case.

***The Minimal Diversity Requirement Is Satisfied***

8. A putative class action is removable based on diversity jurisdiction if "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

9. Ms. Bigler is a citizen and resident of Santa Cruz County, California. (Compl. ¶ 8.) The putative class Ms. Bigler seeks to represent includes a "California Subclass" of "[a]ll persons who purchased the Avocado Oil Chips for personal, family, or household use in California during the applicable statute of limitations period," and a "Multi-State Breach of Express Warranty Class" of persons who purchased the Avocado Oil Chips in states with express warranty laws substantially similar to California's. (*Id.* ¶ 33.)

10. Utz Quality Foods, LLC is a Delaware limited liability company with its principal place of business in Hanover, Pennsylvania. (Compl. ¶ 11.) For purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of all its members. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). The sole member of Utz Quality Foods, LLC is Utz Brands Holdings, LLC., a Delaware limited liability company with its principal place of business in Hanover, Pennsylvania. The majority member of Utz Brands Holdings, LLC is Utz Brands, Inc., a Delaware corporation with its principal place of business in Hanover, Pennsylvania. A corporation is a citizen of every state in which it is incorporated and of the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). Thus, Utz Brands, Inc. is a citizen of Delaware and Pennsylvania. As such,



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

Utz Quality Foods, LLC is a citizen of Delaware and Pennsylvania. Therefore, sufficient (and minimal) diversity of citizenship exists between the relevant parties in this case.

11. The Complaint also names DOES 1 through 10, inclusive, as defendants. The citizenship of fictitiously named defendants is disregarded for purposes of removal. *See* 28 U.S.C. § 1441(b)(1).

***Plaintiff's Proposed Class Exceeds 100 Members***

12. This action is a proposed "class action" under 28 U.S.C. § 1332(d)(1)(B), which is defined as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action[.]"

13. To remove a class action under CAFA, "the number of members of all proposed plaintiff classes in the aggregate" must be at least 100. 28 U.S.C. § 1332(d)(5)(B).

14. According to Plaintiff, "[t]here are thousands of consumers who are Class Members . . . who have been damaged by Defendant's deceptive and misleading practices." (Compl. ¶ 37.) The Avocado Oil Chips are sold nationwide through retail stores and online. (*Id.* ¶¶ 11–12.) The proposed class encompasses all persons who purchased the Avocado Oil Chips in California during the class period, as well as a multi-state class of purchasers in states with substantially similar express warranty laws. (*Id.* ¶ 33.)

15. Therefore, the members of Plaintiff's proposed class exceed 100.

***The Amount in Controversy Exceeds $5 Million***

16. Where, as here, "the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Dart Cherokee*, 574 U.S. at 84. To establish the amount in controversy, a notice of removal "need not contain evidentiary submissions." *Id.* Rather, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89.

17. For purposes of removal only, and without conceding that Plaintiff or the putative class are entitled to any damages, remedies, or penalties whatsoever, the aggregated claims of the putative class, as pleaded in the Complaint, exceed the jurisdictional amount of $5,000,000



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

exclusive of interest and costs. *See* 28 U.S.C. § 1332(d)(2); *see also Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 397 (9th Cir. 2010) (removing defendant need only show "potential damages could exceed the jurisdictional amount"); *Figueroa v. Multi-Color Corp.*, 2024 WL 3101013, at *2 (N.D. Cal. June 24, 2024) ("The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe.").

18. Plaintiff alleges that she and the putative class members "would not have purchased" the Avocado Oil Chips had they known of the alleged mislabeling (*see* Compl. ¶¶ 9, 32, 50, 65) and she seeks (among other things)damages "in an amount to be proven, including the purchase price" for the nationwide class from the sale of the Avocado Oil Chips. (*Id.* ¶¶ 71, 74.) During the alleged class period, total sales of the Avocado Oil Chips—sold nationwide in all states for the four years captured by the complaint—have exceeded $4,000,000. Without conceding that the alleged measure of damages would be the proper measure of relief for any of the claims, it is reasonably possible that aggregated compensatory damages for the putative class alone would exceed $4,000,000 in liability.

19. In addition, in the Ninth Circuit, attorneys' fees may be included in the amount in controversy. *See, e.g.*, *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155 (9th Cir. 1998). "The Ninth Circuit has established a 'benchmark' of 25 percent for awards of attorneys' fees in common fund cases." *Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 297 (N.D. Cal. 1995); *Bellinghausen v. Tractor Supply Co.*, 306 F.R.D. 245, 260 (N.D. Cal. 2015) (same). Thus, attorneys' fees in the amount of 25% of the possible common fund should be included in the amount in controversy here. Because it is reasonably possible that the common fund could amount to at least $4,000,000, attorneys' fees would amount to at least $1,000,000. This comports with numerous class action cases involving California consumer protection statute causes of action (such as claims under the UCL, CLRA, and breach of warranties) and allegations of false or misleading sales practices, where attorneys have sought in excess of $1,000,000 in attorneys' fees. *See, e.g.*, *Hendricks v. Starkist Co.*, 2016 WL 5462423, at *10 (N.D. Cal. Sep. 29, 2016) (UCL, CLRA, false advertising, and implied warranty consumer protection class action; seeking approval of $4 million in fees); *Brown v. Hain Celestial Grp.*,



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

*Inc.*, 2016 WL 631880, at *7 (N.D. Cal. Feb. 17, 2016) (UCL and CLRA consumer protection class action; seeking approval in excess of $3 million in fees); *Retta v. Millennium Prods., Inc.*, 2017 WL 5479637, at *11 (C.D. Cal. Aug. 22, 2017) (same; seeking approval in excess of $2 million).

20. Plaintiff's requested injunctive relief further increases the amount in controversy well past $5,000,000. "When the plaintiff seeks injunctive relief, the cost of complying with the injunction is included in the amount in controversy." *Martinez v. Johnson & Johnson Cons., Inc.*, 471 F. Supp. 3d 1003, 1007 (C.D. Cal. 2020) (citing *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 416 (9th Cir. 2018)). If injunctive relief were granted, it would involve changing the labels and marketing of the Avocado Oil Chips sold in California and nationwide. (*See* Compl. ¶¶ 73–75.) Moreover, Plaintiff seeks an order "requiring [Utz] to undertake a corrective advertising campaign." (*Id.* ¶ 75.) The cost of any such proposed injunction (e.g., corrective advertising, revisions to labels and marketing, additional disclosures, and impacts resulting from the changes in marketing and labels) is substantial and further indicates the amount in controversy is exceeded.

21. In sum, based on Plaintiff's pleaded assertions and pleaded theories of recovery and remedies, the amount in controversy exceeds $5,000,000.

***Exceptions to Jurisdiction Do Not Apply***

22. The diversity between Plaintiff and Utz not only satisfies the minimal diversity requirements under CAFA but also precludes the "local controversy" and "home state" exceptions in 28 U.S.C. § 1332(d)(3) & (d)(4), exemptions for which Plaintiff would bear the burden of proof in any event.

***Divisional Assignment***

23. Pursuant to N.D. Cal. L.R. 3-2(c) and (e), this action shall be assigned to the San Jose Division because the State Court Action was filed in Santa Cruz County.

**<u>Utz Satisfies the Requirements of 28 U.S.C. § 1446</u>**

24. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1446(a).



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899

25. This Notice of Removal has been filed within 30 days of August 11, 2026, the date Plaintiff served the Complaint on Utz. *See* 28 U.S.C. § 1446(b)(2)(B).

26. Concurrently with the filing of this Notice, Utz is giving written notice to all adverse parties of the filing of this Notice. , A copy of the Notice of Removal is being filed with the Clerk of the Superior Court of the State of California, County of Santa Cruz. *See* 28 U.S.C. § 1446(d).

27. The removal of this action terminates all proceedings in the Superior Court of the State of California, County of Santa Cruz. *Id.*

28. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Utz's right to assert any defenses or objections, including but not limited to those pursuant to Rule 12 of the Federal Rules of Civil Procedure.

WHEREFORE, the above-entitled action is removed from the Superior Court of the State of California, County of Santa Cruz to the United States District Court for the Northern District of California.

DATED: September 10, 2026

DAVIS WRIGHT TREMAINE LLP

By: /s/ Jacob M. Harper
Jacob M. Harper

Attorneys for defendant UTZ QUALITY FOODS, LLC



DAVIS WRIGHT TREMAINE LLP
350 SOUTH GRAND AVENUE, 27TH FLOOR
LOS ANGELES, CALIFORNIA 90071
(213) 633-6800
Fax: (213) 633-6899